IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Mark B. Aronson, <br><br> PLAINTIFF, <br><br> v. <br><br> Generation Mortgage Company, <br><br> DEFENDANT. | CIVIL ACTION NO. 2:13-CV-01702 NBF |

## BRIEF IN SUPPORT OF DEFENDANT'S SECOND MOTION TO DISMISS PURSUANT TO FED. R. CIV .P. 12(b)(6) AND PURSUANT TO FED. R. CIV. P. 12(b)(7)

I. **RELEVANT BACKGROUND FACTS AND PROCEDURAL HISTORY**

Plaintiff, Mark B. Aronson, filed an action against Defendant, Generation Mortgage Company, in the Allegheny County Court of Common Pleas as Docket No. AR-13-005104, in which the Complaint alleges violations of the Telephone Consumer Protection Act (47 U.S.C. §227). Defendant caused the action to be removed to this Court in accordance with 28 U.S.C. §§1331, 1441, and 1446.

Plaintiff's previous Complaints aver that a prerecorded call was received from "USA REVERSE" on 4-18-13. Plaintiff avers that he then spoke with a female "with 'Reverse Mortgage Lenders Direct'" after the call had already lasted fourteen (14) minutes.

## II. ISSUES

A. Should Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted when Plaintiff has outright failed to establish any agency relationship between the Defendant and the alleged perpetrators, and therefore, has sued the wrong party? **Suggested Answer: Yes.**

B. Should Plaintiff's Complaint be dismissed when the Plaintiff has failed to join necessary and indispensible parties to the instant action? **Suggested Answer: Yes.**

## III. STANDARD OF REVIEW

Dismissal of a complaint is appropriate if, accepting all of the complaint's alleged facts as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the primary inquiry is not whether the plaintiff would ultimately prevail on the merits of his/her claim, but only whether the plaintiff is entitled to offer evidence in support of his/her claim. See Semerenko v. Cendant Corp., 223 F. 3d 165, 173 (3d Cir. 2000). Only those facts alleged in the complaint are to be considered. See ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d. Cir. 1994). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L.Ed. 2d 868 (2009).

A Motion to Dismiss is proper under Fed. R. Civ. P. 12(b)(7) when a complaint fails to join an indispensible party under Federal Rule of Civil Procedure 19. *See* Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs., 844 F.2d 1050, 1053-54 (3d Cir. 1988). Rule 19, which specifies circumstances where joinder of a party is mandatory, states as follows:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). A Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(7) requires the Court to engage in a two part analysis: First, the Court must determine whether an absent party is a "necessary" party pursuant to Rule 19(a)(1). *See* Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007). If the Court determines that the absent party is "necessary" but joinder is not feasible, the Court must then determine whether "the action should proceed among the parties before it, or be dismissed, the absent person being thus regarded as indispensible." Fed. R. Civ. P. 19(b); Bank of Am. 844 F.2d at 1054). In making a determination that a party is indispensible, the Court must consider the following factors:

> to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; (2) the extent to which, by protective provisions in the judgment, by shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R.Civ. P. 19(b).

## IV. DISCUSSION

Plaintiff's Amended Complaint avers that a prerecorded call was **initiated by or initiated upon behalf of Generation Mortgage** on 4-18-13. *See* Ex. "A," at ¶6. (Emphasis added). Plaintiff fails to state with any specificity that the Defendant Generation Mortgage was the party that placed the alleged prerecorded call.
In Plaintiff's original Complaint and the Complaint he filed in this Honorable Court earlier this (See Docket No. 13-CV-00626), Plaintiff specifically states that the alleged prerecorded call was made by USA REVERSE. (See ¶3 in the previous Complaints) True and correct copy of said Complaints are attached hereto as Exhibits "B" and "C" and made a part hereof. Plaintiff is seeking statutory damages pursuant to 47 USC 227(b); however, a party violates 47 USC 227 (b), if they initiate the prerecorded phone call. There is no liability if a third party.
Ignoring Plaintiff's lack of candor, by removing the his previous statements, he fails to plea with any certainty that Generation Mortgage initiated the alleged recorded phone call. In the previous Complaints, Plaintiff avers that he received a prerecorded message from USA REVERSE and then spoke with a female "with 'Reverse Mortgage Lenders Direct'" after the call had already lasted fourteen (14) minutes. *See* Ex. "B & C," at ¶5.

Neither USA REVERSE nor Reverse Mortgage Lenders Direct are authorized agents of Defendant, and accordingly, any actions alleged to have been perpetrated by them cannot be imputed onto Defendant by way of an agency theory. As such, Plaintiff's Complaint is defective in that the Defendant is an improper party to this action, and fails to state a claim for relief against this Defendant. Furthermore, from a reading of Plaintiff's Complaint, both USA REVERSE and Reverse Mortgage Lenders Direct

appear to be necessary and indispensible parties to this action, and the failure to include these entities as Defendants renders Plaintiff's Complaint as defective.

A. **NEITHER USA REVERSE NOR REVERSE MORTGAGE LENDERS DIRECT ARE AUTHORIZED AGENTS OF DEFENDANT, THEREFORE DEFENDANT IS NOT A PROPER PARTY TO THIS ACTION.**

In Pennsylvania, to demonstrate the existence of an agency relationship, three essential elements must be shown: (1) a manifestation by the principal that the agent shall act for him, (2) acceptance on the part of the agent, and (3) an understanding of the parties that the principal shall be in control of the required undertaking. *See* Basile v. H&R Block, Inc., 761 A.2d 1115, 1120 (Pa. 2000). *See also*, Scott v. Purcell, 490 Pa. 109, 117, 415 A.2d 56, 60 (Pa. 1980), *quoting* Restatement (Second) of Agency §1, Comment b (1958). The burden of establishing an agency relationship is on the party asserting that one exists. *See* Girard Trust Bank v. Sweeny, 426 Pa. 324, 231 A.2d 407 (Pa. 1967). Direct evidence of specific authority need not be demonstrated if the agency relationship can be reasonably inferred from the circumstances, the relation of the parties to each other, or if there is evidence of an implied intention to create an agency relationship. *See* Brock v. Real Estate Land Title & Trust Co., 318 Pa. 49, 54, 55-56 (Pa. 1955); *See also,* Croft v. Malli, 378 Pa. 6, 12-13 (Pa. 1954); Yezbak v. Croce, 370 Pa. 263, 267-68 (PA. 1952).

Plaintiff's Amended Complaint fails to set forth any factual basis to support any inference of an agency relationship between either USA REVERSE or Reverse Mortgage Lenders Direct and the Defendant, Generation Mortgage Company. Plaintiff's Complaint simply avers that a prerecorded call was received from "USA REVERSE" on 4-18-13.,

*See* Ex. "B&C," at ¶3, and that he then spoke with a female "with 'Reverse Mortgage Lenders Direct'" after the call had already lasted fourteen (14) minutes. *See* Ex. "B&x," at ¶5. Nowhere in Plaintiff's Complaint does he establish any link between either of these entities and the Defendant, nor does his complaint set forth any factual basis for inferring that either USA REVERSE or Reverse Mortgage Lenders Direct were authorized agents of the Defendant. There is not even a single iota of evidence pleaded in the Plaintiff's Complaint by which an implied or apparent agency relationship between these entities and the Defendant can be inferred. However, the most damaging aspect of Plaintiff's Complaint is that it fails to set forth any factual support for any purported wrongdoing (or any action at all, for that matter) having been perpetrated by the Defendant. Accordingly, it is plainly evident that Plaintiff's Complaint asserts claims against the wrong entity. As such, Plaintiff's Complaint should be dismissed for failure to state a claim as to the Defendant.

B. **PLAINTIFF'S COMPLAINT SHOULD BE DIMISSED FOR FAILURE TO JOIN A NECESSARY AND INDISPENSIBLE PARTY.**

The indispensible party rule requires that "a court should not adjudicate a case if an absentee was so closely related to the matters in dispute that further litigation would probably be required to define the position of the absentee or to protect the defendant" *See* CRY, Inc. v. Mill Service, Inc., 536 PA. 462, 468 (Pa. 1994). A party is an indispensible party if their rights "are so directly connected with and affected by litigation that he must be a party of record to protect such rights, and his absence renders any order or decree of court null and void for want of jurisdiction. *See* CRY, Inc., 536 Pa. at 468 (*citing* Sherbick v. Community College of Allegheny County, 479 Pa. 216 (Pa. 1978). The Supreme Court of Pennsylvania set forth the following factors, at minimum, for a consideration of whether a party is an "indispensible party": "(1) Do absent parties have a right or interest related to the claim?; (2) If so, what is the nature of that right or interest?; (3) Is that right or interest essential to the merits of the issue?; (4) Can justice be afforded without violating the due process rights of absent parties?" Mechanicsburg Area School District v. Kline, 494 Pa. 476, 481 (Pa. 1981).

The Plaintiff's Complaint alleges Telephone Consumer Protection Act violations purported to have been perpetrated by USA REVERSE and Reverse Mortgage Lenders. However, nowhere in the Plaintiff's Complaint does he provide any factual averments that would connect the Defendant, Generation Mortgage Company, to either of these entities. As a result, accepting the allegations in Plaintiff's Complaint as true for purposes of this Motion, it is evident that all of Plaintiff's claims involve both USA REVERSE and

Reverse Mortgage Lenders and absolutely none of his claims involve the Defendant. It is undisputable that USA Reverse and Reverse Mortgage Lenders are "necessary" parties, for if the Plaintiff were to ultimately prevail on his claims, it is clear from a plain reading of his complaint, that liability would impute to these entities, and not to the Defendant. Further, there is absolutely no evidence to demonstrate that joinder of these aforementioned entities would not be feasible. Lastly, allowing this case to proceed without joining both USA REVERSE and Reverse Mortgage Lenders would be patently unjust, to both these entities and to the captioned Defendant, as there would be an adjudication on the merits with the wrong parties involved.

## V.  CONCLUSION

For all the foregoing reasons, the Plaintiff respectfully requests that this honorable Court grant its Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

RICHARD M. SQUIRE & ASSOCIATES, LLC

Dated: 12-30-13

BY: __/s/ Kevin P. Diskin__
Kevin P. Diskin, Esquire
115 West Avenue, Suite 104
Jenkintown, PA 19046
(215) 886-8790
(215) 886-8791 (fax)
kdiskin@squirelaw.com (email)
Attorneys for Defendant