# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK B. ARONSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-1702 |
| ) | |
| ) | |
| GENERATION MORTGAGE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM ORDER**

Presently before the Court are Defendant Generation Mortgage Company's Amended Second Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Pursuant to Fed. R. Civ. P. 12(b)(7), its Brief in Support, and supporting attachments, (Docket No. 11), and Plaintiff Mark Aaronson's Brief in Opposition to same, (Docket No. 13). Upon consideration of the parties' arguments and the allegations set forth in Plaintiff's Amended Complaint (Docket No. 9), said Motion [11] is DENIED.

In so holding, the Court notes that the genesis of Defendant's Amended Second Motion to Dismiss surrounds Plaintiff's prior averments in former pleadings in this case and other lawsuits in which he identified third parties (USA REVERSE and Reverse Mortgage Lenders), not named in the Amended Complaint, as the entity or entities which made the alleged offending call to him on April 18, 2013, purportedly in violation of the Telephone Consumer Protection Act, ("TCPA"), 47 U.S.C. § 227. (Docket No. 11). Defendant suggests that the present averments excluding any references to these third party entities in the Amended Complaint are contradictory, warranting dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure

1

for failure to state a claim upon which relief may be granted and/or for failure to join these entities as defendants as necessary and indispensable parties in this case under Rule 12(b)(7). (Docket No. 11).

With respect to the Rule 12(b)(6) challenge, the Court finds that the recent decision by the United States Court of Appeals for the Third Circuit in *West Run Student Housing Assoc., LLC v. Huntington Nat. Bank*, 712 F.3d 165 (3d Cir. 2013) prohibits this Court from considering the allegations in the prior pleadings given the Court of Appeals' holding that an amended complaint fully supersedes the prior pleadings and the allegations contained therein, even if they are contradictory in nature to facts formerly verified by the plaintiff. The Court of Appeals reasons that such prior averments constitute materials "outside the pleadings" and cannot be considered as judicial admissions or otherwise by the Court in the context of a Rule 12(b)(6) Motion.[1] *See id.* at 173 ("at the motion to dismiss stage, when the district court typically may not look outside the four corners of the amended complaint, the plaintiff cannot be bound by allegations in the superseded complaint."). The Court further believes that after evaluating the Amended Complaint in light of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2008), Plaintiff has presented sufficient facts in his Amended Complaint to state a plausible claim for relief under the TCPA, 47 U.S.C. § 227, against Defendant Generation Mortgage Company because he has averred, among other things, that said Defendant initiated the offending call made to him which allegedly violated the TCPA, providing

---

[1] Although the Court of Appeals commented that such facts may be considered by the Court at summary judgment (or trial to impeach the credibility of testimony), *see West Run Student Housing Assoc., LLC*, 712 F.3d at 173Defendant has not moved for summary judgment at this juncture. Additionally, the Court declines to *sua sponte* convert the instant motion to a motion for summary judgment because such a motion would be both prematurely filed before discovery has commenced and procedurally defective in that the present filings do not conform to Local Rule 56. *See* W.D. PA. LCVR 56.

sufficient details of the date, time and place (his residence) of the offending call in support of his claim.  (*See* Docket No. 9).   Accordingly, Defendant's Rule 12(b)(6) Motion is DENIED.

In this Court's estimation, Defendant has also failed to meet its burden under Rule 12(b)(7) to demonstrate that the third party entities (USA REVERSE and Reverse Mortgage Lenders Direct) are necessary and indispensable parties to this litigation under Rule 19 of the Federal Rules of Civil Procedure.  *See Pittsburgh Logistics Systems, Inc. v. C.R. England, Inc.*, 669 F. Supp. 2d 613, 618 (W.D. Pa. 2009) (citation omitted) ("The moving party bears the burden of showing that a non-party is both necessary and indispensable.").  To this end, Defendant has not established that the Court "cannot accord complete relief among existing parties" as required under Rule 19(a)(1)(A) because Plaintiff has expressly stated that he is not seeking any relief from the third parties (*see* Docket No. 13), and, as the Court understands it, Defendant's position is that it is not liable for the alleged violations of the TCPA while the third party entities may be, an affirmative defense which may be raised without adding the third parties to this lawsuit. *See Pittsburgh Logistics*, 669 F. Supp. 2d at 619. Further, neither of the alleged third party entities have asserted a "legally protected interest" in the instant TCPA claim brought by Plaintiff against Defendant and Rule 19(a)(1)(B) is not implicated.  *See id.*  In short, Defendant has failed to convince this Court that USA REVERSE and/or Reverse Mortgage Lenders Direct are necessary and indispensable parties to this litigation such that dismissal of Plaintiff's Amended Complaint is warranted under Rule 12(b)(7) and such Motion is DENIED.

For these reasons,

IT IS HEREBY ORDERED that Defendant's Motion [11] is DENIED; and,

IT IS FURTHER ORDERED that Defendant shall file an Answer to Plaintiff's Amended Complaint by **March 5, 2014 at 12:00 p.m.**

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: February 19, 2014

cc/ecf: All counsel of record.